UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK DAVID SANDERSFIELD,

    Plaintiff,

v.

    Case No. 17-10663
    District Judge Victoria A. Roberts
    Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 21); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 19); AND (3) DENYING PLAINTIFF'S MOTION TO REMAND (Doc. # 16)**

**I. Background**

On April 3, 2014, Plaintiff Jack David Sandersfield ("Sandersfield") filed an application for Supplemental Security Income, alleging that he had been disabled since November 6, 2000.[1] After the Commissioner of Social Security (the "Commissioner") denied Sanderfield's initial claim, he requested an administrative hearing. On October 12, 2017, Administrative Law Judge ("ALJ") Laura Chess issued a decision finding that Sandersfield was not disabled. On January 30, 2017, the Appeals Council declined to review the administrative decision; ALJ Chess' decision became final. Sandersfield filed a motion to remand, which the court is treating as a motion for summary judgment; the Commissioner filed a motion for summary judgment. The Court referred those motions to Magistrate Judge R. Steven Whalen.

---

[1] Plaintiff filed several prior applications for SSI, the last of which was denied on September 27, 2012. (Tr. 90-110).

1

In his motion to remand, Sandersfield argues that: (1) the hypothetical question which formed the basis of the residual functional capacity ("RFC") did not account for his full degree of physical and mental limitation; (2) the ALJ erred by declining to find at Step Three of the sequential analysis that he met Listing 1.04(A); (3) the hypothetical question and corresponding RFC did not adequately address workplace limitations brought about by his speech impairment; and (4) the ALJ erred in her assessment of credibility of Sandersfield's allegations of limitation.

The Commissioner argues in its motion for summary judgment that: (1) substantial evidence supports the ALJ's Step-Three determination that Sandersfield did not meet Listing 1.04(A); (2) substantial evidence supports the ALJ's partial rejection of Sandersfield's subjective statements; and (3) substantial evidence supports the ALJ's assessment of Sandersfield's residual functional capacity and consequent Step-Five determination.

Magistrate Judge Whalen issued a Report and Recommendation (the "R&R") recommending that the Court grant the Commissioner's Motion for Summary Judgment and deny Sandersfield's. Magistrate Judge Whalen concluded that the ALJ did not commit legal error and her decision was supported by substantial evidence, because: (1) the ALJ properly discounted Sandersfield's allegations based on contradictory medical and other evidence; (2) Sandersfield did not meet all of the criteria of Listing 1.04(A); and (3) the ALJ's hypothetical question and RFC accounted for all of Sandersfield's workplace limitations.

Sandersfield claims that Magistrate Judge Whalen made three erroneous findings which this Court should reject: (1) that the ALJ's partial rejection of Sandersfield's complaints was supported by substantial evidence, well-articulated and should not be disturbed; (2) that the ALJ was justified in determining that Sandersfield was not disabled under Listing 1.04(A); and (3) that the hypothetical question and RFC determinations of by the ALJ were accurate and generously within the "zone of choice" afforded to the fact finder at the administrative hearing level.

## II. Standard of Review

A person may seek judicial review of any final decision of the Commissioner; however, the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405.

"Substantial evidence is more than a scintilla of evidence but less than a preponderance … ." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

After proper objections are made, the Court conducts a *de novo* review of a Magistrate Judge's Report and Recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); F. R. Civ. P. 72(b)(3). A court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge. *Id.* A district court need not conduct *de novo* review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (citation omitted); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 453-54 (6th Cir. 2006) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997)). After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 93 (6th Cir. 1986); *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 798 (E.D. Mich. 2013).

"[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review … , absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) "[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 Fed. Appx. 512, 517-518 (6th Cir. 2010).

### III. Analysis

After de novo review of the cross motions for summary judgment, the R&R, Sandersfield's objections, the Commissioner's response, and the remainder of the record, the Court overrules Sandersfield's objections.

### A. The Court Rejects Sandersfield's Objection To Magistrate Judge Whalen's Finding That ALJ's Partial Rejection Of Sandersfield's Complaints Should Not Be Disturbed.

Sandersfield argues that the ALJ ignored the content of the record, which establishes objective clinical support for his complaints. He points to his past spinal surgeries, various medical interpretations of a lumbar MRI, and other diagnostic tests as clear evidence that his complaints are credible. However, the ALJ, as the R&R mentions, gave numerous reasons for concluding that Sandersfield's subjective statements regarding his physical limitations were not entirely consistent with other evidence in the record.

The Court agrees with Magistrate Judge Whalen's assessment of the ALJ's partial rejection of Sandersfield's allegations of physical limitations, which was supported by applicable law and substantial evidence of the record.

**B. The Court Rejects Sandersfield's Objection To Magistrate Judge Whalen's Finding That the ALJ Was Justified In Determining That Sandersfield Was Not Disabled Under Listing 1.04(A).**

Sandersfield contends that he met the criteria for Listing 1.04(A), and that he is disabled. He directs the Court to his medical record, which he maintains substantiates his disability under Listing 1.04(A).

The ALJ found that Sandersfield's impairment did not meet *all* of the specified medical criteria of Listing 1.04(A), as required, citing the absence of evidence of motor loss accompanied by sensory or reflex loss in Sandersfield's medical record. The ALJ also observed that the assessment of the state agency physician, Dr. Blum, supported her finding that Sandersfield did not meet the requirements of Listing 1.04(A).

The Court agrees with Magistrate Judge Whalen's conclusion concerning the ALJ's finding that Sandersfield was not disabled under Listing 1.04(A).

### C. The Court Rejects Sandersfield's Objection To Magistrate Judge Whalen's Finding That The Hypothetical Question And Residual Functional Capacity Determinations Advanced By The ALJ Were Accurate.

Sandersfield argues that the hypothetical question and RFC determinations advanced by the ALJ failed to address all of his impairments. Particularly, he claims that the question and corresponding RFC did not account for his inability to stand and/or walk for two hours in an eight-hour day. The ALJ concluded that the record was insufficient to reach a conclusion that this limitation existed, and provided substantial evidence, including the opinion of Dr. Blum, that supported her finding regarding Sandersfield's exertional and non-exertional limitations.

The Court agrees with Magistrate Judge Whalen's finding that the hypothetical question and RFC determinations advanced by the ALJ were accurate and generously within the "zone of choice.

## IV. Conclusion

The Court **ADOPTS** Magistrate Judge Whalen's Report and Recommendation. The Commissioner's Motion for Summary Judgment is **GRANTED**; Sandersfield's Motion to Remand is **DENIED**; the decision of the Commissioner is **AFFIRMED**.

**IT IS ORDERED.**

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated: March 29, 2018